United States District Court
Southern District of Texas

**ENTERED**

January 12, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERNIE  DEAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-304 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is the self-styled "Defendant's Motion to Compel Plaintiff's Deposition and Brief in Support,"[1] filed by Wells Fargo Bank, N.A. ("Defendant"). Plaintiff Bernie Dean ("Plaintiff") did not file a response in opposition. After reviewing the motion, record, and relevant authorities, the Court **GRANTS** the motion.

### I.   Background

The Court previously issued an  order  in this case  in which it cautioned  Plaintiff that he "must make himself available for deposition upon reasonable notice."[2] Based on a representation that Plaintiff was requesting a day off from work on October 23, 2015 to attend the depositions,[3] Defendant issued deposition notices to Plaintiff advising that the depositions of Plaintiff and Mrs. Dean had been reset for October 23, 2015.[4] Additionally, Defendant informed Plaintiff that if he could not get off from work, the parties could discuss a different date for the depositions.[5] At nearly midnight on October 21, 2015, Plaintiff sent Defendant an email which simply stated "[a]s of right now it's not looking like I'll be able to make it to Corpus on Friday. I'll call to

---

[1] Dkt. No. 40.
[2] Dkt. No. 39 at p. 4.
[3] Dkt. No. 40, Exh. 1 at p. 6.
[4] *Id*. at p. 9.
[5] *Id*. at p. 5.

discuss."[6] However, Defendant claims that Plaintiff has not responded to numerous emails sent by Defendant attempting to reschedule the necessary deposition.[7]

## II.  Motion to Compel Plaintiff's Deposition

As basis for the instant motion, Defendant asserts "Plaintiff has failed to communicate regularly and effectively regarding this case since his counsel withdrew . . . and has largely ignored [Defendant's] efforts to communicate with him to schedule a time to conduct his deposition."[8] Specifically, Defendant notes that Plaintiff has twice "failed to appear at his duly-noticed deposition . . . without diligently communicating with [Defendant's] counsel following those incidents to reschedule his deposition for a mutually-agreeable time."[9]

The Court is mindful of the fact that Plaintiff is *pro se*. However, the Court specifically warned Plaintiff that he must make himself available to be deposed upon reasonable notice by Defendant. Since Plaintiff has not offered any explanation as to why he was unable to appear at the noticed deposition or why he has failed to contact Defendant to reschedule, the Court finds that Defendant's motion to compel should be **GRANTED**. The Court hereby **ORDERS** Plaintiff to appear for his deposition at a date, time, and location, as determined by Defendant.

Furthermore, Plaintiff is warned that failure to appear for his deposition or any other non-compliance with the Court's orders, will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 37(d)(3). Moreover, the Court now extends the discovery deadline to January 27, 2016, and the deadline to file dispositive motions to February 5, 2016. The deadline regarding the Joint Pretrial Order remains unaffected.

---

[6] *Id*. at p. 4.
[7] Dkt. No. 40 at ¶ 8.
[8] *Id*. at 10.
[9] *Id*.

### III. Attorney's Fees

In addition to the motion to compel, Defendant requests the Court "order Plaintiff to pay it the fees and costs it incurred in connection with this Motion."[10] Under Federal Rule of Civil Procedure 37(d), "[t]he court . . . may . . . order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."[11] Furthermore, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[12]

Defendant is represented by the law firm of Locke Lord L.L.P, and by default Robert T. Mowrey is the attorney-in-charge.[13] Attorney Jennifer K. Parnell ("Parnell") is co-counsel for Defendant.[14] In a declaration by Parnell, she states she spent four hours preparing Defendant's motion and preparing for the October 23, 2015 deposition.[15] Parnell further attests that her hourly billing rate is $297.00 per hour. Thus, Parnell requests $1,188.00 to cover the attorney's fees for these efforts.

After considering the evidence presented by Defendant, this Court's familiarity with hourly rates for practice in this region,[16] and considering the nature of this litigation, the Court finds an hourly rate of $250 to be reasonable. Additionally, the Court finds four hours to be a reasonable amount of time spent litigating the discovery issues on this case.  In light of the Court's warning to Plaintiff that he must make himself available, the fact that Plaintiff's failure

---

[10] *Id*. at p. 7.
[11] FED. R. CIV. P. 37(d).
[12] FED. R. CIV. P. 37(d)(3).
[13] *See* Dkt. No. 1.
[14] *Id*.
[15] Dkt. No. 40, Exh. 3 at ¶ 5.
[16] *See* State Bar of Texas Dep't of Research & Analysis, 2013 Hourly Fact Sheet, available at http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends (last visited January 11, 2016) (noting the highest median hourly rate for an attorney in south Texas as $213).

has resulted in unnecessary delay, and since the instant motion is unopposed, the Court finds that

the relief requested is proper. Thus, the Court awards Defendant $1,000.00 in attorney's fees.

The entire award shall be paid no later than February 2, 2016. Plaintiff is **ORDERED to submit**

**proof of payment to the Court, by February 2, 2016**.

IT IS SO ORDERED

DONE at McAllen, Texas, this 12th day of January, 2016.

_____

Micaela Alvarez
United States District Judge