United States District Court
Southern District of Texas
**ENTERED**
April 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BERNIE  DEAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-304 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Wells Fargo Bank, N.A.'s ("Defendant") motion for summary judgment.[1] Bernie Dean ("Plaintiff") did not file a response. After considering the motion, record, and controlling authorities, the Court **GRANTS** the motion its entirety.

### I.  Background

On August 11, 2008, Plaintiff executed a note for the property located at 242 House Avenue, Sandia, Jim Wells County, Texas 78383 (the "Property") in the principal amount of $259,475.00 (the "Note").[2] Plaintiff also executed a deed of trust (the "Deed of Trust") securing repayment of the Note with a security interest in the Property.[3] Although not the original lender of the Note or beneficiary under the Deed of Trust, Defendant was thereafter appropriately assigned the Deed of Trust.[4]

Subsequently, due to Plaintiff's delinquency in making payments on the Note, Defendant initiated foreclosure proceedings on the Property. According to Plaintiff, prior to the foreclosure, he entered into a loan modification program with Defendant which set forth a six-month payment

---

[1] Dkt. No. 44.
[2] Dkt. No. 17, Exh. A ("Note").
[3] Dkt. No. 17, Exh. B ("Deed of Trust").
[4] Dkt. No. 17 at p. 2.

arrangement.[5] Plaintiff asserts that despite making all payments under the loan modification program, Defendant refused to accept his payments and proceeded to foreclose on the property.[6] The Property was actually sold at a foreclosure sale on February 4, 2014.[7]

Thereafter, on July 8, 2014, Plaintiff filed his original complaint in state court asserting various claims arising from the foreclosure of the Property.[8] The case was removed to federal court on July 16, 2014,[9] and subsequently transferred to this Court.[10] In federal court, counsel for Plaintiff filed a motion to withdraw as counsel in charge for Plaintiff, and the Court subsequently granted the motion. Thus, Plaintiff is proceeding in this action *pro se*.

On September 29, 2014, Defendant filed a motion to dismiss which the Court granted in part and denied.[11] Specifically, the Court denied the motion to dismiss regarding Plaintiff's claims to quiet title; finding that Plaintiff had adequately pleaded the claim. Additionally, the Court found that Plaintiff had asserted sufficient facts to establish a viable federal declaratory judgment action, and demonstrated elements necessary as to the request for injunctive relief. Moreover, the Court granted Plaintiff the chance to amend his compliant by August 17, 2015, but Plaintiff did not do so. Thus, the only remaining causes of action in this case are Plaintiff's claims to quiet title, and his requests for declaratory and injunctive relief.[12] The Court now addresses the merits of the instant motion.

---

[5] Dkt. No. 17, Exh. D.
[6] Complaint at p. 4.
[7] Dkt. No. 17, Exh. E.
[8] Dkt. No. 1, Exh. C-1 ("Complaint").
[9] Dkt. No. 1.
[10] Dkt. No. 7.
[11] Dkt. No. 37.
[12] *Id*. at p. 25.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] A fact is "material" if its resolution could affect the outcome of the action,[14] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[15] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[16]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[17] In this showing, "bald assertions of ultimate fact" are insufficient.[18] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[19] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[20] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[21] This demonstration must specifically indicate facts and their significance,[22] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[23]

---

[13] FED. R. CIV. P. 56(a).

[14] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

[15] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[18] *Gossett v. Du-Ra-Kel Corp*., 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).

[19] *See Celotex Corp*., 477 U.S. at 323.

[20] *See id*. at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[21] *See id*.

[22] *See Ragas v. Tenn. Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998).

[23] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash*., 276 F.3d 754, 759 (5th Cir. 2002)).

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[24]  Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[25]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[26]  Parties may cite to any part of the record, or bring evidence in the motion and response.[27]  By either method, parties need not proffer evidence in a form admissible at trial,[28] but must proffer evidence substantively admissible at trial.[29]

Finally, because federal jurisdiction is invoked on the basis of diversity of citizenship, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[30]  Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[31]

### III. Discussion

Plaintiff's claim to quiet title is premised on his claim that he entered into a forebearance agreement and paid as required. As basis for the motion for summary judgment, Defendant

---

[24] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[25] *See id.*
[26] *See* FED.R.CIV. P. 56(e).
[27] *See* FED. R. CIV. P. 56(c).
[28] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[29] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[30] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[31] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

asserts the following: (1) Plaintiff never properly executed the forbearance agreement, which made the agreement null and void; and (2) Plaintiff did not timely submit payment as required under the terms of the Forbearance Agreement. Thus, at their core, Plaintiff's claims turn upon the issue of whether Plaintiff complied with all of the terms of the Forbearance Agreement. In turn, the Court must first answer the question of whether the parties actually entered into a binding agreement not to foreclose on Plaintiff's property.

The terms and conditions section of the forbearance agreement in question clearly states:

> The indebtedness of the referenced loan is in default and in consideration of extending forbearance for a period of time, it is necessary that you indicate your understanding and acceptance of the terms of the forbearance agreement by immediately signing and returning this agreement. *Failure to sign and return this agreement will render it null and void.*[32]

Furthermore, regarding Plaintiff's ability to accept the offer presented by the forbearance agreement, the agreement explains:

> To accept this offer please call . . . the phone number listed below no later than 14 calendar days from the date listed at the top of this letter or send in your first monthly trial period payment instead of your normal monthly mortgage payment. If you do not contact me within 14 days or send in your monthly payment *by the due date*, you will no longer be eligible for this offer.[33]

Finally, the Forbearance Agreement advises that the due date for Plaintiff's first monthly payment was April 26, 2013.[34]

In support of its motion for summary judgment, Defendant has submitted the uncontroverted declaration of Wells Fargo Loan Verification Analyst Jennifer Jackson ("Jackson"), who testifies that "Plaintiff never returned an executed and dated copy of the Forbearance Agreement to [Defendant] as required."[35] Moreover, Jackson further attests that

---

[32] Dkt. No. 44, Exh. A.5 at p. 4 (¶ 1).
[33] *Id*. at p. 2 (¶ 2).
[34] *Id*. at p. 2 (¶ 1).
[35] Dkt. No. 44, Exh. A at ¶ 9.

every payment owed under the Forbearance Agreement and thus tendered by Plaintiff, was "submitted *after* the due date for the payment."[36] As noted, Plaintiff has not responded to the motion for summary judgment.

In Texas, "[t]o establish the existence of an enforceable contract, a party must prove (1) an offer, (2) acceptance of the offer, (3) mutual assent or 'meeting of the minds' regarding the subject matter and essential terms of the contract, and (4) consideration, or mutuality of obligations."[37] Here, the two central issues are whether Plaintiff accepted the offer, and if so, was there mutual assent regarding an essential term of the contract.

As noted above, the Forbearance Agreement explains that in order for Plaintiff to accept the offer, Plaintiff must have either called Defendant by April 10, 2013, or sent the first payment owed under the Forbearance Agreement by April 26, 2013. Plaintiff has made no claim nor presented any evidence to the Court of a subsequent phone conversation with Defendant, and the undisputed evidence is that Plaintiff did not make his first payment under the Forbearance Agreement until May 7, 2013,[38] eleven days after the due date imposed by the Forbearance Agreement.

In the factually similar case *Richardson v. Wells Fargo Bank, N.A.*, the Fifth Circuit held that a Forbearance Plan containing an offer not to foreclose does not result in an agreement between the parties if the Plaintiff does not accept that offer pursuant to its plain terms.[39] This is true even if a lender later accepts payment when the borrower "already owed delinquent payments on the note."[40] Here, as in *Richardson*, the uncontested evidence presented by

---

[36] *Id.*

[37] *Int'l Metal Sales, Inc. v. Global Steel Corp.*, No. 03–07–00172–CV, 2010 WL 1170218, at *7 (Tex. App.—Austin Mar. 24, 2010, pet. denied).

[38] Dkt. No. 44, Exh. A at ¶ 9.

[39] *Richardson v. Wells Fargo Bank, N.A.*, 538 Fed. Appx. 391, 392 (5th Cir. 2013).

[40] *Id.*

Defendant indicates that under the plain terms of the contract, Plaintiff failed to accept Defendant's offer because Plaintiff did not call or pay his first payment by the due date. Thus, "the offer contained in the Forbearance Plan never resulted in an agreement not to foreclose[.]"[41]

Even if the Court were to find that Plaintiff properly tendered payment under the Forbearance Agreement, Plaintiff never executed the Forbearance Agreement in accordance with its terms and conditions. The very first term and condition in the Forbearance Agreement clearly states that "it is *necessary* that [Plaintiff] indicate [his] acceptance of the terms of the forbearance agreement by immediately signing and returning [the] agreement. Failure to sign and return [the] agreement will render it *null and void*."[42] Once again, the undisputed evidence indicates that Plaintiff never returned an executed copy of the Forbearance Agreement as required. Such inaction on the part of Plaintiff indicates a lack of a "meeting of the minds" regarding a "necessary" and thus essential term of the contract.

Simply stated, the offer was never accepted by Plaintiff pursuant to its plain terms because: (1) Plaintiff did not call Defendant or pay his first payment by the due date pursuant to the plain terms of the contract; and (2) Plaintiff failed to sign and return the Forbearance Agreement as required. Thus, the Forbearance Agreement never became binding upon the parties. Plaintiff's delinquency under both the terms of the Note and Deed of Trust is undisputed. Therefore, Defendant was permitted to foreclose on the Property once Plaintiff defaulted. Finally, the Court notes that Defendant has presented evidence indicating that it properly and timely sent notice of the foreclosure sale by certified mail[43] in compliance with Texas law.[44] Therefore, the Court finds that Plaintiff has failed to raise any genuine issues of material fact

---

[41] *Id.*
[42] Dkt. No. 44, Exh. A.5 at p. 4.
[43] Dkt. No. 44, Exh. B.3.
[44] Tex. Prop. Code § 51.002; *See also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("Service of notice is complete when the notice is sent via certified mail.").

which bar Defendant's motion for summary judgment; thus, Plaintiff's claim to quiet title and his requests for declaratory and injunctive relief fail as a matter of law. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment in its entirety.

### IV. Holding

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment in its entirety. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of April, 2016.

Micaela Alvarez
United States District Judge